O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN D. EUBANKS, ) | CASE NO. ED CV 10-01564 RZ |
| ) Plaintiff, ) | |
| ) vs. ) | MEMORANDUM OPINION AND ORDER |
| ) MICHAEL J. ASTRUE, Commissioner ) of Social Security, ) | |
| ) Defendant. ) | |

Plaintiff Karen D. Eubanks contends that the Social Security Commissioner wrongly denied her claim for disability benefits. Plaintiff argues that the Administrative Law Judge ("ALJ") erred in determining her disability onset date. The Court agrees, as explained below.

An ALJ's determination of a claimant's disability onset date "'must have a legitimate medical basis.'" *Armstrong v. Commissioner*, 160 F.3d 587, 589 (9th Cir. 1998) (quoting Social Security Ruling ("SSR") 83-20). "[W]here a record is ambiguous as to the onset date of disability, the ALJ must call a medical expert to assist in determining the onset date." *Id.* at 590.

In this case, the ALJ determined, without the assistance of a medical expert, that Plaintiff became disabled as of June 2007, when her mental condition deteriorated enough to prevent her from performing sustained work activity. (AR 32.) The ALJ based

her decision on Plaintiff's inception of "ongoing treatment for her inappropriate histrionic response to family problems" at that time (AR 31-32), a reference to Plaintiff's June 2007 emergency room visit for an "anxiety attack" and subsequent regular treatment by a psychiatrist. (AR 30; *see* AR 217-19, 265-70.) But the record demonstrates that Plaintiff had suffered from a mental impairment prior to June 2007. Treating physician Dr. Markarian assessed Plaintiff with major depression as early as February 2005. (AR 155-56, 164, 174-77, 187-88.) In addition, Dr. Johnson-Quijada, wrote on May 15, 2006, that Plaintiff had been under her care since January 2004 and had "been continuously disabled since this date to present" due to her Major Depression Disorder and panic attacks. (AR 152.) Dr. Davis, a psychologist who treated Plaintiff beginning in October 2006, wrote that Plaintiff's diagnoses included recurrent, severe major depression, dysthymic disorder, and generalized anxiety disorder. He opined that Plaintiff was "not physically or emotionally able to work" as of November 27, 2006, though she "was able to work in the past." (AR 197-98.)

This evidence demonstrates that Plaintiff had suffered from and sought treatment for mental illness long before her June 2007 emergency room visit. Although the ALJ may be correct that Plaintiff's illness deteriorated in June 2007, her impairment "could have been disabling long before that time." *See Armstrong*, 160 F.3d at 590; *see also* SSR 83-20 (noting that for hospitalized mental patients, "onset of disability may sometimes be found at a time considerably in advance of admission"). Because the record is ambiguous as to the onset of Plaintiff's disability, the ALJ was required to call a medical expert to assist in determining the onset date. *Armstrong*, 160 F.3d at 590.

The ALJ's rejection of Drs. Johnson-Quijada's and Davis's opinions does not negate this requirement. Even if the ALJ's rejection of these opinions was proper, there is other evidence of record documenting the existence of a mental impairment long before June 2007. However, it is not clear to the Court why, as Plaintiff concedes, there are no treatment notes from either Dr. Johnson-Quijada or Dr. Davis in the record. Based on the information in their letters and their status as treating clinicians, notes from these

practitioners could substantially inform the ALJ's understanding of Plaintiff's condition before June 2007. Plaintiff and the ALJ should make every effort to obtain these records.

In accordance with the foregoing, the decision is reversed. The matter is remanded to the Commissioner, who shall properly assess Plaintiff's disability onset date, and otherwise proceed as appropriate.

IT IS SO ORDERED.

DATED: December 27, 2011

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE